1 | David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
2 | **Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
3 | Phoenix, AZ 85016
Telephone: (602) 265-3332
4 | Facsimile:  (602) 230-4482

5 | Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
6 | **Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
7 | Phoenix, AZ 85016
Telephone: (800) 400-6808
8 | Facsimile:  (800) 520-5523

9 | *Attorneys for Plaintiff*

10

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Brian Swontek,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO:** |
| v. | **1. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;** |
| **Experian Information Solutions, Inc.; Equifax Information Services, LLC; Trans Union, LLC; RGS Financial, Inc.; Portfolio Recovery Associates, LLC; Continental Central Credit, Inc.; and Hughes Federal Credit Union;** | **2. NEGLIGENCE** <br> **3. GROSS NEGLIGENCE** <br> **4. ARIZONA CONSUMER FRAUD ACT A.R.S §44-1522** <br> **5. COMMON LAW FRAUD** <br> **6. THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ** |
| Defendants. | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

---

undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. BRIAN SWONTEK ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), TRANS UNION, LLC ("Trans Union"), RGS FINANCIAL, INC. ("RGS"), PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), CONTINENTAL CENTRAL CREDIT, INC. ("CCC"), and HUGHES FEDERAL CREDIT UNION ("Hughes") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information

made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

10. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

11. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they

conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

**PARTIES**

12. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendant Experian is a corporation registered with the Arizona Secretary of State doing business in the State of Arizona

14. Defendant Equifax is a foreign limited liability company registered with the Arizona Secretary of state doing business in the State of Arizona.

15. Defendant Trans Union is a foreign limited liability company registered with the Arizona Secretary of State doing business in the State of Arizona.

16. Defendant RGS is a corporation registered with the Arizona Secretary of State doing business in the State of Arizona.

17. Defendant PRA is a limited liability company registered with the Arizona Secretary of State doing business in the State of Arizona.

18. Defendant CCC is a corporation registered with the Arizona Secretary of State doing business in the State of Arizona.

19.  Defendant Hughes is a federal credit union doing business in the State of Arizona.

20. Defendants RGS, PRA, CCC, and Hughes are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

21. Defendants Experian, Equifax, and Trans Union are national credit reporting agencies, doing business in Arizona.

///

///

///

## GENERAL ALLEGATIONS

22. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

23. At all times relevant, Defendants conducted business in the State of Arizona.

24. On or about July 2016, Plaintiff reviewed his Experian, Equifax, and Trans Union credit reports.

25. As Plaintiff reviewed his three credit reports, Plaintiff discovered many accounts being reported that did not belong to him.   Many of these accounts were negative and harming Plaintiff's credit score and creditworthiness.

26. In addition, there were many inquiries from creditors that were listed with whom Plaintiff did not have a prior relationship.

27. Plaintiff is informed and believes his father opened up these accounts not belonging to Plaintiff.

28. These inquiries and negative accounts on Plaintiff's credit reports are harmful to Plaintiff's credit score and creditworthiness.

### Experian Misreported Credit Information

29. In an online Experian credit report dated around July 2016, Experian, RGS, PRA, CCC, Hughes, Honeywell Aerospace Federal Credit Union, and Discovery Financial Services reported the following inaccurate, negative accounts that were not Plaintiff's accounts:

- RGS Financial, Inc. Account No. 11024930011896241
- Portfolio Recovery Associates, LLC Account No. 11024930011896241
- Continental Central Credit, Inc. Account No. 9917281
- Discover Financial Services, LLC Account No. 601100116029….
- A-L Financial Corporation Account No. 883….
- Honeywell Aerospace Federal Credit Union Account No. 91497321002014….

- Honeywell Aerospace Federal Credit Union Account No. 91497321012014….
- Honeywell Aerospace Federal Credit Union Account No. 91497321002014….
- Hughes Federal Credit Union Account No. 36086….

30. Experian, RGS, PRA, and CCC should not have reported these accounts on Plaintiff's credit reports since these accounts did not belong to Plaintiff.

31. On or about July 30, 2016, Plaintiff disputed Experian, RGS, PRA, and CCC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, through an online dispute, of the incorrect and inaccurate credit information furnished by RGS, PRA, CCC, Honeywell Aerospace Federal Credit Union, and Hughes Federal Credit Union.

32. Specifically, Plaintiff requested the above inaccurate and derogatory accounts that did not belong to Plaintiff be removed.

33. Plaintiff also requested that all inquiries that did not belong on his credit report be removed.

34. Upon information and belief, Experian timely notified RGS, PRA, CCC, Honeywell Aerospace Federal Credit Union, and Hughes Federal Credit Union of Plaintiff's dispute.

35. On or about August 10, 2016, Plaintiff received notification from Experian, RGS, PRA, CCC, Aero Federal Credit Union, and Hughes Federal Credit Union that they had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

36. Surprisingly, Experian, RGS, PRA, and CCC did not remove all the accounts that did not belong to Plaintiff.

37. Instead, Experian, RGS, PRA, and CCC simply left derogatory information on Plaintiff's report.  Specifically, Experian, RGS, PRA, and CCC reported

the following inaccurate, derogatory accounts that did not belong to Plaintiff:

- RGS Financial, Inc. Account No. 11024930011896241
- Portfolio Recovery Associates, LLC Account No. 11024930011896241
- Continental Central Credit, Inc. Account No. 9917281

38. In response to Plaintiff's dispute, Honeywell Aerospace Federal Credit Union, Discover Financial Services, and Hughes Federal Credit Union accounts were deleted from Plaintiff's credit report.

39. In addition, Experian deleted 29 inquiries and some personal information that was incorrect.

40. However, Experian, RGS, PRA, and CCC failed to delete the derogatory, inaccurate RGS, PRA, and CCC accounts.

41. Despite deleting over 30 accounts and inquiries, Experian failed to perform the due diligence to determine whether the RGS, PRA, and CCC accounts fell into the same category as the other deleted accounts that did not belong to Plaintiff.

42. The sheer volume of information that was found inaccurate and deleted off of Plaintiff's credit report should have triggered a higher level of scrutiny from Experian.

43. As third party debt collectors, RGS, PRA and CCC were attempting to collect a debt by reporting on Plaintiff's credit reports.

44. Through this conduct, RGS, PRA and CCC were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, RGS, PRA and CCC violated 15 U.S.C. § 1692f(1).

---

45. Through this conduct, RGS, PRA and CCC made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

46. Through this conduct, RGS, PRA and CCC engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, RGS, PRA and CCC violated 15 U.S.C. § 1692d.

47. Plaintiff was extremely frustrated that these accounts not belonging to him were continuing to be reported on his Experian credit report.

48. On or about August 11, 2016, Plaintiff again disputed his Experian credit report a second time in a certified receipt letter.

49. In this letter dated August 11, 2016, Plaintiff included a copy of his driver's license and social security card so that Experian and the creditors reporting on Plaintiff's credit report could determine the accounts being reported did not belong to Plaintiff.   In this letter, Plaintiff provided additional information to aid in the investigation into Plaintiff's credit report.

50. Experian responded to Plaintiff's second dispute with a letter dated August 24, 2016.

51. In the August 24, 2016 letter, Experian responded "we will not investigate the same dispute again at this time."

52. However, Plaintiff's dispute was clearly different in his second letter because he provided more information to Experian.

53. Plaintiff felt hopeless because no matter what he did, Experian, RGS, PRA, and CCC would not fix his credit report.

54. Experian, RGS, PRA, and CCC and were required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

55. Experian, RGS, PRA, and CCC, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

56. Experian, RGS, PRA, and CCC failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

57. Due to Experian, RGS, PRA, and CCC's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

58. Plaintiff's continued efforts to correct Experian, RGS, PRA, and CCC's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian, RGS, PRA, and CCC were fruitless.

59. Experian, RGS, PRA, and CCC's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

60. Experian, RGS, PRA, and CCC's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

61. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Experian, RGS, PRA, and CCC failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Equifax Misreported Credit Information

62. In an online Equifax credit report dated around July 2016, Equifax, PRA, Hughes, Discover Bank, and Honeywell Aerospace Federal Credit Union reported the following inaccurate, negative accounts that were not Plaintiff's accounts:

- Portfolio Recovery Associates, LLC Account No. 11024930011896241
- Hughes Federal Credit Union Account No. 36086*

- Discover Bank Account No. 601100116029*
- Honeywell Aerospace Federal Credit Union Account No. 91497321002014*
- Honeywell Aerospace Federal Credit Union Account No. 91497341002014*
- Honeywell Aerospace Federal Credit Union Account No. 91497321012014*

63. Equifax, PRA, Hughes, Discover Bank, and Honeywell Aerospace Federal Credit Union should not have reported these accounts on Plaintiff's credit reports since these accounts did not belong to Plaintiff.

64. In or about July 2016, Plaintiff disputed Equifax, PRA, Hughes, Discover Bank, and Honeywell Aerospace Federal Credit Union's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, through an online dispute, of the incorrect and inaccurate credit information furnished by Equifax, PRA, Hughes, Discover Bank, and Honeywell Aerospace Federal Credit Union.

65. Specifically, Plaintiff requested the above inaccurate and derogatory accounts that did not belong to Plaintiff be removed.

66. Plaintiff also requested that all inquiries that did not belong on his credit report be removed.

67. Upon information and belief, Equifax timely notified PRA, Hughes, Discover Bank, and Honeywell Aerospace Federal Credit Union of Plaintiff's dispute.

68. On or about August 2, 2016, Plaintiff received notification from Equifax, PRA, Hughes, Discover Bank, and Honeywell Aerospace Federal Credit Union that they had received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

69. Surprisingly, Equifax, PRA, and Hughes did not remove all the accounts that did not belong to Plaintiff.

70. Equifax, PRA, and Hughes simply left derogatory information on Plaintiff's report. Specifically, Equifax, PRA, and Hughes reported the following inaccurate, derogatory accounts that did not belong to Plaintiff:

- Portfolio Recovery Associates, LLC Account No. 11024930011896241
- Hughes Federal Credit Union Account No. 36086*

71. In response to Plaintiff's dispute, the Honeywell Aerospace Federal Credit Union and Discover Financial Services were deleted.

72. However, Equifax, PRA, and Hughes failed to delete the derogatory, inaccurate PRA and Hughes accounts that did not belong to Plaintiff.

73. The fact that several accounts were determined to not be Plaintiff's and deleted off his credit report should have caused Equifax to apply greater scrutiny to the remaining accounts he was disputing on his credit reports.

74. Plaintiff was extremely frustrated that these accounts not belonging to him were continuing to be reported on his Equifax credit report.

75. On or about August 11, 2016, Plaintiff disputed his Equifax credit report a second time in a certified receipt letter.

76. In this letter dated August 11, 2016, Plaintiff included a copy of his driver's license and social security card so that Equifax and the creditors reporting on Plaintiff's credit report could determine the accounts being reported did not belong to Plaintiff. In this letter, Plaintiff provided additional information to aid in the investigation into Plaintiff's credit report.

77. Equifax never responded to Plaintiff's second dispute.

78. Plaintiff felt hopeless because no matter what he did, Equifax, PRA, and Hughes would not fix his credit report.

79. Equifax, PRA, and Hughes and were required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

80. Equifax, PRA, and Hughes, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

81. Equifax, PRA, and Hughes failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

82. Due to Equifax, PRA, and Hughes' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

83. Plaintiff's continued efforts to correct Equifax, PRA, and Hughes' erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Equifax, PRA, and Hughes were fruitless.

84. Equifax, PRA, and Hughes' continued inaccurate and negative reporting of the accounts in light of its knowledge of the actual error was willful.

85. Equifax, PRA, and Hughes' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

86. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Equifax, PRA, and Hughes failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## **Trans Union Misreported Credit Information**

87. In an online Trans Union credit report dated around the middle of July 2016, Trans Union, PRA, Hughes, Honeywell Aerospace Federal Credit Union, CCC, and Discover Financial Services, LLC reported the following inaccurate, negative accounts that were not Plaintiff's accounts:

- Portfolio Recovery Associates, LLC Account No. 585637081647****
- Hughes Federal Credit Union Account No. 36086*

- Discover Bank Account No. 601100116029*
- Honeywell Aerospace Federal Credit Union Account No. 91497321002014*
- Honeywell Aerospace Federal Credit Union Account No. 91497341002014*
- Honeywell Aerospace Federal Credit Union Account No. 91497321012014*
- Continental Central Credit, Inc. Account No. 99172**

88. Trans Union, PRA, Hughes, Honeywell Aerospace Federal Credit Union, CCC, and Discover Financial Services, LLC should not have reported these accounts on Plaintiff's credit reports since these accounts did not belong to Plaintiff.

89. In or about July 2016, Plaintiff disputed Trans Union, PRA, Hughes, Honeywell Aerospace Federal Credit Union, CCC, and Discover Financial Services, LLC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, through an online dispute, of the incorrect and inaccurate credit information furnished by Trans Union, PRA, Hughes, Honeywell Aerospace Federal Credit Union, CCC, and Discover Financial Services, LLC.

90. Specifically, Plaintiff requested the above inaccurate and derogatory accounts that did not belong to Plaintiff be removed.

91. Plaintiff also requested that all inquiries that did not belong on his credit report be removed.

92. Upon information and belief, Trans Union timely notified PRA, Hughes, Honeywell Aerospace Federal Credit Union, CCC, and Discover Financial Services, LLC of Plaintiff's dispute.

93. On or about August 2, 2016, Plaintiff received notification from Trans Union, PRA, Hughes, Honeywell Aerospace Federal Credit Union, CCC,

and Discover Financial Services, LLC that they had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

94. Surprisingly, Trans Union, PRA, and Hughes did not remove all the accounts that did not belong to Plaintiff.

95. Trans Union, PRA, and Hughes simply left derogatory information on Plaintiff's report.  Specifically, Trans Union, PRA, and Hughes reported the following inaccurate, derogatory accounts that did not belong to Plaintiff:

- Portfolio Recovery Associates, LLC Account No. 585637081647****
- Hughes Federal Credit Union Account No. 36086*

96. In response to Plaintiff's dispute, the Honeywell Aerospace Federal Credit Union and Discover Financial Services, LLC were deleted from Plaintiff's credit report.

97. In addition, Trans Union deleted an inquiry that was incorrectly showing from Synchrony Bank.

98. However, Trans Union, PRA, and Hughes failed to delete the derogatory, inaccurate PRA and Hughes accounts.

99. The fact that several accounts and an inquiry were determined to not be Plaintiff's and deleted off his credit report should have caused Trans Union to apply greater scrutiny to the remaining accounts he was disputing on his credit reports.

100.    Plaintiff was extremely frustrated that these accounts not belonging to him were continuing to be reported on his Trans Union credit report.

101.    On or about August 11, 2016, Plaintiff disputed his Trans Union credit report a second time in a certified receipt letter.

102.    In this letter dated August 11, 2016, Plaintiff included a copy of his driver's license and social security card so that Trans Union and the creditors reporting on Plaintiff's credit report could determine the accounts

being reported did not belong to Plaintiff.  In this letter, Plaintiff provided additional information to aid in the investigation into Plaintiff's credit report.

103.     Trans Union never responded to Plaintiff's second dispute.

104.     Plaintiff felt hopeless because no matter what he did, Trans Union, PRA, and Hughes would not fix his credit report.

105.     Trans Union, PRA, and Hughes and were required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

106.     Trans Union, PRA, and Hughes, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

107.     Trans Union, PRA, and Hughes failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

108.     Due to Trans Union, PRA, and Hughes' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

109.     Plaintiff's continued efforts to correct Trans Union, PRA, and Hughes' erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Trans Union, PRA, and Hughes were fruitless.

110.     Trans Union, PRA, and Hughes' continued inaccurate and negative reporting of the accounts in light of its knowledge of the actual error was willful.

111.     Trans Union, PRA, and Hughes' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

112.     By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Trans Union, PRA, and Hughes

failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## PRA Communication

113.     In addition to sending disputes to the credit reporting agencies, Plaintiff also contacted PRA, Hughes, CCC, and RGS individually to inform them they were reporting an account that did not belong to Plaintiff.

114.     After receiving the response from the three credit reporting agencies that PRA had confirmed the account did belong to Plaintiff, PRA sent a letter to Plaintiff dated July 21, 2016 stating that PRA confirmed the account belonged to Plaintiff.  The letter stated that "PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity."

115.     Plaintiff was upset because he included his identifying information in his original dispute to the credit reporting agencies and PRA still did delete the account, which clearly did not belong to Plaintiff.

116.     In response to the letter, Plaintiff called PRA and notified them that the account did not belong to him.

117.     PRA told Plaintiff they would need to see his driver's license and social security card before considering deleting the account.

118.     Plaintiff provided PRA with his driver's license and social security number in a letter.

119.     In response to this proof of identity for the second time by Plaintiff, PRA sent two letters dated July 27, 2016 and August 8, 2016.  These letters stated that PRA was "electronically requesting that the three major credit reporting agencies delete PRA, LLC's trade line for this account on your credit reports."

120.     However, Plaintiff is informed and believes that to the present, PRA has not sent in a request to delete the account nor has the PRA account been deleted from Plaintiff's credit report.

121.     Through this conduct, PRA used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, PRA violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

### Hughes Communication

122.     Plaintiff also contacted Hughes around the time he sent his dispute letters to the credit reporting agencies.

123.     Hughes directed Plaintiff to provide Hughes with Plaintiff's driver's license and social security card.

124.     In response, Plaintiff sent his driver's license and social security card to Hughes.

125.     Hughes responded by refusing to delete Plaintiff's account until Plaintiff filled out an identity theft affidavit.

126.     Plaintiff complied with Hughes' request and filled out an identity theft affidavit and gave the affidavit to Hughes.

127.     Hughes still refused to delete the account from Plaintiff's credit reports and demanded that Plaintiff fill out sections of the report for which Plaintiff did not have information.

128.     Plaintiff finally called Leticia Amado, Collection Manager for Hughes, Wetmore Branch.

129.     On the phone call, Ms. Amado told Plaintiff that Hughes would not delete the Hughes account until either Plaintiff's father paid back the loan to Hughes or Plaintiff's father returned the motorcycle that was the subject of the loan with Hughes.

130.     Plaintiff was extremely upset that Hughes was holding his credit hostage.

131.     Plaintiff felt hopeless because Hughes was attempting to extort something from Plaintiff of which Plaintiff had no control.

132.     Hughes knew the account did not belong to Plaintiff, but still refused to delete the account.

133.    Hughes' actions were malicious and intentional towards Plaintiff.

**CCC Communication**

134.    Plaintiff contacted CCC around the time he sent his dispute letters to the credit reporting agencies.

135.    CCC told Plaintiff that they would remove the CCC account from Plaintiff's credit report.

136.    However, Plaintiff is informed and believes that to the present, CCC has not sent in a request to delete the account nor has the CCC been deleted from Plaintiff's credit report.

**RGS Communication**

137.    Plaintiff contacted RGS before and after sending his dispute letters to the credit reporting agencies.

138.    RGS told Plaintiff that they could not do anything for him because the original account was owned by Cox Communications ("Cox") and that Plaintiff would have to contact Cox even though RGS was the one reporting on Plaintiff's credit reports.

139.    Plaintiff was frustrated that RGS would not delete the account on Plaintiff's credit and sent Plaintiff to a third party that did not have anything to do with the credit reporting on Plaintiff's account.

140.    Plaintiff is informed and believes that to the present, RGS has not requested deletion of the account and is still reporting the account on Plaintiff's credit reports.

141.    Through this conduct, RGS used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, RGS violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

**Damages**

142.    Plaintiff's credit score and creditworthiness has been harmed because of Defendants' actions.

143.    Plaintiff has refrained from applying for credit and housing due to his abysmal credit report.

144.    As a 19-year old man, Plaintiff's credit existence has begun on a terrible note because of Defendants' actions.

145.    Plaintiff was afraid to apply and refrained from applying for student loans to attend college because of his credit report.

146.    Plaintiff's application for credit was denied on two different occasions with Bank of America and Eaglemark Savings Bank after receiving responses from Experian, Equifax, and Trans Union from his credit disputes.

147.    As a result of Defendants' conduct, Plaintiff suffered other actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting his job and personal relationships.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)
### (AGAINST ALL DEFENDANTS)

148.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

149.    The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

150.    As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

1
2
3

punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

4
5
6
7

151.   As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

8
9
10

## SECOND CAUSE OF ACTION

### NEGLIGENCE

### (AGAINST ALL DEFENDANTS)

11
12

152.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13
14

153.   The foregoing acts and omissions constitute negligence by all defendants.

15
16

154.   Each defendant had the duty to report on Plaintiff's credit reports accurately and respond to allegations of identity theft.

17
18
19

155.   Each defendant had the duty to delete any incorrect accounts when notified and provided with evidence that the accounts did not belong to Plaintiff.

20
21
22
23
24

156.   Trans Union and Equifax breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified Trans Union and Equifax twice that the accounts did not belong to Plaintiff.  Trans Union and Equifax also failed to respond to Plaintiff's second dispute letter, which was received by Trans Union and Equifax by certified receipt mail.

25
26
27

157.   Experian breached their duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified Experian twice that the accounts did not belong to Plaintiff.  Experian also refused to investigate Plaintiff's

28

second dispute, making their actions willful and/or reckless towards Plaintiff.

158.     PRA breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified them through the credit reporting agencies and directly.

159.     Hughes breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified them through the credit reporting agencies and directly.   In addition, Hughes held Plaintiff's credit hostage until Plaintiff's father paid a debt to Hughes, which Plaintiff did not control. Hughes actions were willful and malicious, constituting gross negligence.

160.     RGS breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified RGS through the credit reporting agencies and directly.   RGS also received proof that the account on Plaintiff's credit report did not belong to Plaintiff and RGS refused to delete the account. RGS's actions were willful and constitute gross negligence.

161.     CCC breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified RGS through the credit reporting agencies and directly.

162.     All Defendants were the actual cause of Plaintiff's harm by not deleting the accounts from Plaintiff's credit report that did not belong to Plaintiff.   But for Defendants' failing to delete these accounts on Plaintiff's credit reports, Plaintiff would not have been harmed.

163.     Plaintiff has suffered economical, mental, and emotional damages.

### THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE
### (AGAINST HUGHES, PRA AND RGS)

164.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

165.    The foregoing acts and omissions constitute negligence by all defendants.

166.    Hughes, PRA, and RGS had the duty to report on Plaintiff's credit reports accurately.

167.    Hughes, PRA, and RGS had the duty to delete any incorrect accounts when notified and provided with evidence that the accounts did not belong to Plaintiff.

168.    Hughes breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified them through the credit reporting agencies and directly.   In addition, Hughes held Plaintiff's credit hostage until Plaintiff's father paid a debt to Hughes.   Hughes actions were willful, reckless, and malicious, constituting gross negligence.

169.    PRA breached their duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified PRA through the credit reporting agencies and directly.   PRA also received proof that the account on Plaintiff's credit report did not belong to Plaintiff and PRA refused to delete the account. PRA's actions were willful and/or reckless and constitute gross negligence.

170.    RGS breached this duty by failing to delete accounts not belonging to Plaintiff after Plaintiff notified RGS through the credit reporting agencies and directly.   RGS also received proof that the account on Plaintiff's credit report did not belong to Plaintiff and RGS refused to delete the account. RGS's actions were willful and/or reckless and constitute gross negligence.

171.    Hughes and RGS were the actual cause of Plaintiff's harm by not deleting the accounts from Plaintiff's credit report that did not belong to Plaintiff.  But for Defendants' failing to delete these accounts on Plaintiff's credit reports, Plaintiff would not have been harmed.

172.    Plaintiff has suffered economic, mental, and emotional damages.

///

///

## FOURTH CAUSE OF ACTION

## ARIZONA CONSUMER FRAUD ACT

## (AGAINST HUGHES, CCC, PRA, AND RGS)

173.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

174.     Hughes performed a deceptive and unfair act by holding Plaintiff's credit hostage until Plaintiff's father paid a debt to Hughes for which Plaintiff had no control.  Hughes also failed to delete the account from Plaintiff's credit report when Hughes possessed all of Plaintiff's identifying information and knew the account did not belong to Plaintiff.

175.     CCC performed a deceptive and unfair act by failing to delete the account from Plaintiff's credit report when CCC possessed all of Plaintiff's identifying information and knew the account did not belong to Plaintiff.

176.     PRA performed a deceptive and unfair act by failing to delete the account from Plaintiff's credit report when PRA possessed all of Plaintiff's identifying information and knew the account did not belong to Plaintiff.

177.     RGS performed a deceptive and unfair act by failing to delete the account from Plaintiff's credit report when RGS possessed all of Plaintiff's identifying information and knew the account did not belong to Plaintiff.

178.     Hughes, CCC, PRA, and RGS were all performing a service as it relates to Plaintiff and his credit reports.

## FIFTH CAUSE OF ACTION

## COMMON LAW FRAUD

## (AGAINST HUGHES, CCC, PRA, AND RGS)

179.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

180.     Hughes, CCC, PRA and RGS all represented that they would delete accounts not belonging to Plaintiff from Plaintiff's credit reports.  This was false because they did not delete these accounts.  The failure to delete the accounts was material because it involved Plaintiff's credit and was harming Plaintiff significantly.  Hughes, CCC, PRA, and RGS all were provided with proof of Plaintiff's identity and knew the accounts did not belong to Plaintiff.  Plaintiff expected Hughes, CCC, PRA, and RGS to delete the accounts because they all represented they would.  Plaintiff applied for credit in reliance to these promises and was denied thereafter.  Plaintiff's credit was damaged because of Hughes, CCC, PRA, and RGS's actions. In addition, Hughes performed a deceptive act by holding Plaintiff's credit hostage until Plaintiff's father paid a debt to Hughes for which Plaintiff had no control.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *ET SEQ.* (FDCPA)
### (AGAINST CCC, PRA, AND RGS)

181.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

182.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

183.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

184.     Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 ET SEQ. (FCRA)**

**AGAINST ALL DEFENDANTS**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

**(AGAINST ALL DEFENDANTS)**

- an award of actual damages;
- award of costs of litigation; and
- any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**GROSS NEGLIGENCE**

**(AGAINST HUGHES, PRA, AND RGS)**

- an award of actual damages;

- an award of punitive damages as the Court may allow;
- award of costs of litigation; and
- any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION
### ARIZONA CONSUMER FRAUD ACT
### (AGAINST HUGHES, CCC, PRA, AND RGS)

- an award of actual damages;
- an award of punitive damages as the Court may allow;
- award of costs of litigation and reasonable attorney's fees; and
- any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION
### COMMON LAW FRAUD
### (AGAINST HUGHES, CCC, PRA, AND RGS)

- an award of actual damages;
- an award of punitive damages as the Court may allow;
- award of costs of litigation; and
- any other relief the Court may deem just and proper.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *ET SEQ.* (FDCPA)
### (AGAINST CCC, PRA, AND RGS)

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against CCC, PRA, and RGS; and
- any other relief the Court may deem just and proper

## TRIAL BY JURY

185.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 18, 2016                                 Respectfully submitted,

                                                        BY: /s/ RYAN L. MCBRIDE
                                                           RYAN L. MCBRIDE, ESQ.
                                                           ATTORNEY FOR PLAINTIFF